**Alan M. Klein, State Bar No. 92785**
**LAW OFFICE OF ALAN M. KLEIN CORP.**
**16311 Ventura Boulevard, Suite 1200**
**Encino, California 91436**
**Telephone: (818) 986-3141**
**Facsimile: (818) 986-8141**

**Attorney for Defendants Mackson, Inc, Zulily, LLC,**
**And Burlington Coat Factory Direct Corp.**

**Andrew V. Jablon**
**Resch Polster & Berger LLP**
**1840 Century Park East, 17th Floor**
**Los Angeles, CA 90067**
**Telephone: (310) 788-7524**
**Facsimile: (310) 788-6624**

**Co-Counsel for Defendant Burlington Coat Factory Direct Corp.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC. a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MACKSON, INC., a New York Corporation; ZULILY, INC., a Delaware Corporation; BURLINGTON COAT FACTORY DIRECT CORP., a Delaware Corporation; ROSS STORES, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 2:15-CV-05075-DSF-RAO<br><br>**DEFENDANTS MACKSON, INC.'S, ZULILY, LLC'S AND BURLINGTON COAT FACTORY DIRECT CORP.'S ANSWER TO FIRST AMENDED COMPLAINT OF STAR FABRICS, INC.** |

Defendants, Mackson, Inc. ("Mackson"), Zulily, LLC ("Zulily") and Burlington Coat Factory Direct Corp. ("Burlington") (collectively hereinafter

DEFENDANTS MACKSON, INC.'S, ZULILY, LLC'S AND BURLINGTON COAT FACTORY DIRECT CORP.'S ANSWER TO FIRST AMENDED COMPLAINT OF STAR FABRICS, INC.

1

"Defendants") as for their answer to Plaintiff Star Fabrics, Inc.'s ("Star" or "Plaintiff") First Amended Complaint ("FAC"), answer as follows:

1. Answering ¶1 of the FAC, Defendants admit that this action purports to be an action under the Copyright Act of 1976, Title 17 U.S.C., 101 et seq. and denies the remaining allegations contained therein.

2. Answering ¶2 of the FAC, Defendants admit that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a) and deny the remaining allegations contained therein.

3. Answering ¶3 of the FAC, Defendants admit that venue in this judicial district is proper under 28 U.S.C. 1391(c) and 1400(a) and deny the remaining allegations contained therein.

4. Answering ¶4 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

5. Answering ¶5 of the FAC, Mackson admits that it is a corporation existing under the laws of the State of New York, with a principal place of business located at 1407 Broadway, Suite 2116B, New York, New York 10018 and is doing business in the state of California and denies the remaining allegations contained therein.

6. Answering ¶5 of the FAC, Zulily is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

7. Answering ¶5 of the FAC, Burlington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

8. Answering ¶6 of the FAC, Zulily admits that it has a principal place of business in Seattle, Washington and denies the remaining allegations contained therein.

9. Answering ¶6 of the FAC, Mackson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

10. Answering ¶6 of the FAC, Burlington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

11. Answering ¶7 of the FAC, Burlington admits that it is a corporation existing under the laws of the State of Delaware, with a principal place of business located at 2006 Route 130 North Florence, New Jersey 08518 and is doing business in the state of California and denies the remaining allegations contained therein.

12. Answering ¶7 of the FAC, Mackson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

13. Answering ¶7 of the FAC, Zulily is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

14. Answering ¶8 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

15. Answering ¶9 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

16. Answering ¶10 of the FAC, each Defendant denies the allegations contained therein as they pertain to it and each Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as they pertain to the other Defendants and therefore denies the same.

17. Answering ¶11 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

18. Answering ¶12 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

19. Answering ¶13 of the FAC, Mackson admits that it sold garments featuring a design to Zulily, Burlington and Ross, having pattern No. 7529. Mackson denies that the design is substantially similar to the Subject Design and was without Plaintiff's authorization. Except as so admitted or denied, Mackson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13, and on that basis denies each and every remaining allegation.

20. Answering ¶13 of the FAC, Zulily admits that it has sold garments under SKU 3835148 and bearing the label "She's Cool" and RN 110724. Zulily denies that it has sold fabric, distributed and/or sold garments featuring a design which is substantially similar to Subject Design without Plaintiff's authorization. Except as so admitted or denied, Zulily is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13, and on that basis denies each and every remaining allegation.

21. Answering ¶13 of the FAC, Burlington admits that it has sold garments under SKU 630-65479773 and bearing the label "She's Cool" and RN 110724. Burlington denies that it has sold fabric, distributed and/or sold garments

1  featuring a design which is substantially similar to Subject Design without
2  Plaintiff's authorization.  Except as so admitted or denied, Burlington is without
3  sufficient knowledge or information to form a belief as to the truth of the
4  remaining allegations contained in Paragraph 13, and on that basis denies each and
5  every remaining allegation.

6    22. Answering ¶14 of the FAC, each Defendant admits that an exemplar
7  of the Subject Product is shown and each Defendant is without knowledge or
8  information sufficient to form a belief as to the truth of the allegations contained
9  therein as they pertain to the Subject Design and as to the other Defendants and
10  therefore denies the same.

## FIRST CLAIM FOR RELIEF

12    23. Answering ¶15 of the FAC, Defendants repeat, reallege and
13  incorporate herein by reference as through fully set forth their respective answers
14  to the preceding paragraphs as if set forth herein verbatim.

15    24. Answering ¶16 of the FAC, each Defendant denies the allegations
16  contained therein as they pertain to it and each Defendant is without knowledge or
17  information sufficient to form a belief as to the truth of the allegations contained
18  therein as they pertain to the other Defendants and therefore denies the same.

19    25. Answering ¶17 of the FAC, Mackson admits that it is a garment
20  vendor and that it supplied garments composed of fabric having a print design to
21  Zulily and Burlington and denies the remaining allegations contained therein that
22  pertain to Mackson and is without knowledge or information sufficient to form a
23  belief as to the truth of the allegations as they pertain to the other Defendants and
24  therefore denies the same.

25    26. Answering ¶17 of the FAC, Zulily admits that Mackson is a garment
26  vendor and that Mackson supplied garments composed of fabric having a print
27  design to it and denies the remaining allegations contained therein that pertain to

Zulily and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to the other Defendants and therefore denies the same.

27. Answering ¶17 of the FAC, Burlington admits that Mackson is a garment vendor and that Mackson supplied garments composed of fabric having a print design to it and denies the remaining allegations contained therein that pertain to Burlington and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to the other Defendants and therefore denies the same.

28. Answering ¶¶18, 19, 20, and 21 of the FAC, each Defendant denies the allegations contained therein as they pertain to it and each Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as they pertain to the other Defendants and therefore denies the same.

29. Defendants deny that Plaintiff is entitled to any of the relief set forth therein.

### FIRST AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

31. Plaintiff is barred from seeking the relief requested in the FAC, in whole or in part, because Plaintiff does not possess a valid copyright registration for the Subject Design.

### THIRD AFFIRMATIVE DEFENSE

32. On information and belief, Plaintiff is barred from seeking the relief requested in the FAC, in whole or in part, because Plaintiff abandoned its copyrights by providing the Subject Design to entities with the desire and

expectation that the Subject Design would be copied and by permitting and allowing the Subject Design to be copied without taking any measures to prevent copying or otherwise protect its purported copyrights.

### FOURTH AFFIRMATIVE DEFENSE

33. On information and belief, Plaintiff is barred from seeking the relief requested in the FAC, in whole or in part, because Plaintiff consented and acquiesced to any copying by purposefully providing its designs to entities with the desire and expectation that those designs would then be copied without its express permission.

### FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff is barred from seeking the relief requested in the FAC, in whole or in part, because Defendants did not infringe the Subject Design.

### SIXTH AFFIRMATIVE DEFENSE

35. On information and belief, the Subject Design is in the public domain.

### SEVENTH AFFIRMATIVE DEFENSE

36. None of the elements of the Subject Design are copyrightable either separately or together.

### EIGHTH AFFIRMATIVE DEFENSE

37. The Subject Design lacks the originality necessary to make it protectable under the Copyright Laws of the United States.

### NINTH AFFIRMATIVE DEFENSE

38. On information and belief, Plaintiff is not the true and correct owner of the Subject Design.

### TENTH AFFIRMATIVE DEFENSE

39. Blue Studio is not the true and correct author of the Subject Design.

### ELEVENTH AFFIRMATIVE DEFENSE

40. On information and belief, the Subject Design was published prior to January 21, 2008.

## TWELFTH AFFIRMATIVE DEFENSE

41. On information and belief, Plaintiff is barred from seeking the relief requested in the FAC, in whole or in part, because Plaintiff failed to mitigate damages insofar as it purposefully provided the Subject Design to entities with the desire and expectation that the Subject Design would be copied, allowed the Subject Design to be copied without taking any protective measures to prevent copying, failed to assert its rights when it first learned of any copying, and waited to file this lawsuit for the purpose of maximizing the amount of damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

42. On information and belief, Plaintiff is barred from seeking the relief requested in the FAC, in whole or in part, because Plaintiff acted with unclean hands insofar as it purposefully provided the Subject Design to entities with the desire and expectation that the Subject Design would be copied and allowed the Subject Design to be copied without taking any protective measures to prevent copying for the express purpose of instituting lawsuits against similar designs.

## FOURTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff is barred from seeking the relief requested in the FAC, in whole or in part, by the doctrine of Copyright Misuse insofar as Plaintiff's conduct in purposefully providing the Subject Design to entities with the desire and expectation that the Subject Design would be copied so that Plaintiff could bring lawsuits against the Defendants over similar, competitive designs is in violation of antitrust laws or otherwise anti-competitive in restraining the development of competing products, an attempt to illegally extend its limited monopoly, and contrary to the public policies underlying the Copyright laws.

DEFENDANTS MACKSON, INC.'S, ZULILY, LLC'S AND BURLINGTON COAT FACTORY DIRECT CORP.'S ANSWER TO FIRST AMENDED COMPLAINT OF STAR FABRICS, INC.
8

44. WHEREFORE Defendants pray for judgment as follows:

1) Plaintiff take nothing by way of its First Amended Complaint on file herein.

2) For cost of suit.

3) For reasonable attorneys' fees as permitted by law.

4) For such other and further relief as the Court deems just and proper.

Dated: January 8, 2016

/s/*Alan M. Klein*
Alan M. Klein, Esq. SBN. 92785
Law Office of Alan M. Klein
Corporation
16311 Ventura Bl. Suite 1200
Encino, CA 91436
818-986-3141

Attorney for Defendants
Mackson, Inc., Zulily, LLC and
Burlington Coat Factory Direct Corp.

## **DEMAND FOR JURY**

Defendants hereby demand a trial by jury of all claims so triable.

Dated: January 8, 2016

/s/*Alan M. Klein*
Alan M. Klein, Esq. SBN. 92785
Law Office of Alan M. Klein
Corporation
16311 Ventura Bl. Suite 1200
Encino, CA 91436
818-986-3141

Attorney for Defendants
Mackson, Inc., Zulily, LLC and
Burlington Coat Factory Direct Corp.

DEFENDANTS MACKSON, INC.'S, ZULILY, LLC'S AND BURLINGTON COAT FACTORY DIRECT CORP.'S ANSWER TO FIRST AMENDED COMPLAINT OF STAR FABRICS, INC.