UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-5075 DSF (RAOx) | Date | 04/28/16 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. Mackson, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Conditionally Granting Motion to Withdraw as Counsel

  Defense counsel's Motion to Withdraw as Counsel was filed on April 6, 2016. Opposition was due on April 25, 2016. No opposition was filed. The Court has not received any pleadings or communications from Defendants Mackson Inc., Zulily, Inc. or Burlington Coat Factory Direct Corp.
  Having read and considered the Motion, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for May 9, 2016 is removed from the Court's calendar.
  Good cause has been shown. Therefore, the Court grants the Motion effective on the date that moving counsel files and serves – on the client and all attorneys of record – a declaration (in the form specified in 28 U.S.C. § 1746) that:

  (1) Sets forth the client's current address and telephone number, recently verified as accurate by the withdrawing counsel;

  (2) Informs the client and all attorneys of record that the stated address will be the address to which all future documents will be served or sent until changed by appropriate notice or substitution of attorney;

  (3) Informs the client of all future dates now set in this action, including, but not limited to, pre-trial conference related dates, discovery cut-off dates, the motion cut-off date, and dates relating to any pending discovery obligations;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

(4) Informs any client corporation, unincorporated association, partnership, or trust that it cannot appear without counsel, and of the consequences of its failure timely to obtain counsel.  See Local Rule 83-2.2.1;

(5) Informs the client when and where the client may obtain the client's case file, if it is not already in the client's possession.

Counsel must also provide a proof of service of this Order and the required declaration.

Failure to comply with the above requirements by May 9, 2016 will result in the denial of the Motion.

Effective on the date counsel complies with this Order, defendants will represent themselves, and the docket will be amended to reflect the address for defendants as described in counsel's declaration.

IT IS SO ORDERED.